# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENO EUGENE WOODIS,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDRE KING,<br><br>    Defendant. | Case No. 1:13-cv-01136-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 3)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Deno Eugene Woodis is a civil detainee proceeding pro se in a civil rights action filed on July 19, 2013 pursuant to 42 U.S.C. § 1983. (Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).)

The Court ordered that Plaintiff, by not later than August 29, 2013, submit a completed and signed application to proceed in forma pauperis or in the alternative pay the $400.00 filing fee for this action. (ECF No. 3.)

The August 29, 2013 deadline passed without Plaintiff filing an application to proceed in forma pauperis, paying the $400 filing fee or seeking an extension of time to do so.

1     Local Rule 110 provides that "failure of counsel or of a party to comply with these
2 Rules or with any order of the Court may be grounds for imposition by the Court of any and
3 all sanctions . . . within the inherent power of the Court." District courts have the inherent
4 power to control their dockets and "in the exercise of that power, they may impose
5 sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing
6 Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice,
7 based on a party's failure to prosecute, failure to obey a court order, or failure to comply
8 with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal
9 for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.
10 1992) (dismissal for failure to comply with an order requiring amendment of a complaint);
11 Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with
12 local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S.
13 Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a
14 court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
15 of prosecution and failure to comply with local rules).
16     In determining whether to dismiss an action for lack of prosecution, failure to obey a
17 court order, or failure to comply with local rules, the Court must consider several factors: (1)
18 the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
19 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition
20 of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782
21 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at
22 1260-61; Ghazali, 46 F.3d at 53.
23     In the instant case, the public's interest in expeditiously resolving this litigation and
24 the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk
25 of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury
26 arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v.
27 Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring
28 disposition of cases on their merits -- is greatly outweighed by the factors in favor of

dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.

Plaintiff has not responded to the Court's order (ECF No. 3).

Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this order, Plaintiff shall show cause as to why this action should not be dismissed for failure to comply with the Court's order (ECF No. 3), or file an application to proceed in forma pauperis, or pay the $400 filing fee; and

2. If Plaintiff fails to show cause, or file an application to proceed in forma pauperis, or pay the $400 filin fee, it shall be recommended that this action be dismissed for failure to obey a Court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   September 10, 2013             /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE