# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENO EUGENE WOODIS,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDRE KING,<br><br>        Defendant. | Case No. 1:13-cv-01136-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF DISMISSAL OF ACTION**<br><br>**(ECF No. 9)** |

    Plaintiff Deno Eugene Woodis is a civil detainee proceeding pro se in a civil rights action filed on July 19, 2013 pursuant to 42 U.S.C. §1983. On November 19, 2013, the undersigned issued an order adopting Magistrate's findings and recommendations dismissing this action without prejudice for failure to obey Court orders and failure to prosecute and the Clerk entered judgment thereon.

    Before the Court is Plaintiff's request for an order reviewing a grand jury decision and for change of venue. The request, construed as a request for reconsideration of the dismissal, shall be denied for the reasons stated below.

## I. LEGAL STANDARD

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

## II. ANALYSIS

Plaintiff is not entitled to reconsideration. Plaintiff's argument, which appears to challenge his confinement and seeks review of unspecified San Diego grand jury action and transfer of unspecified actions to this district, is unintelligible. Plaintiff cites to no error of law or fact in the Court's decision to dismiss this action. Plaintiff does not dispute the Court's factual analysis and its application of law to facts.

Plaintiff provides no reason for the Court to reconsider dismissal of the action. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). It is not enough to merely disagree with the Court's decision or simply restate that already considered by the Court. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances. Westlands Water Dist., 134 F.Supp.2d at 1131; see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989).

## III. ORDER

Accordingly, for the reasons stated, it is HEREBY ORDERED that Plaintiff's request for an order reviewing a grand jury decision and for change of venue (ECF No. 9),

construed as a request for reconsideration of the order and judgment of dismissal, is DENIED.

IT IS SO ORDERED.

Dated:  **December 2, 2013**              **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE